solely from study and reading of books dealing with the subject under investigation.'"

In the same authority (5 Ency. of Evidence, p. 534) it is stated that "Where the witness has been educated in a particular profession, as a physician, surgeon or veterinary, he is presumed to understand thoroughly the questions pertaining to his profession, and to be qualified as an expert."

Under the circumstances shown by this record, appellant had a right to propound the question and seek to elicit an answer which might be favorable to him. The testimony of the witness might not have been entitled to the same weight as one who had made a special study of the subject of insanity, but such was a matter within the exclusive province of the jury. See Eckert v. State, 94 Tex.Cr.R. 395, 251 S.W. 804; Schuman v. State, 106 Ark. 362, 153 S.W. 611; Monahan v. Roderick, 183 Iowa 1, 166 N.W. 725.

In view of the infliction by the jury of the supreme penalty, we are not prepared to say that the rulings of the court complained of in the matters we have discussed were harmless.

Having reached the conclusion that the learned trial court fell into error in the two particulars herein discussed, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

HAWKINS, Judge.

The State has filed a motion for rehearing in which it is urged that we were in error on both propositions discussed in our original opinion. Said motion was supported by able oral argument and also by written argument in connection with the motion. Appellant has filed an answer to the State's motion and written argument supporting the answer.

The questions discussed had our very careful attention upon original submission in both formal and informal conferences because of the nature of the case and the penalty inflicted, and the conclusions stated involved no differences of opinion on the part of the court. We have again considered the questions in connection with the State's motion and argument, and appellant's answer and argument. There still is no difference of opinion regarding the matter. We see nothing to be gained by further discussion unless we were led to reach a different conclusion.

Believing proper disposition of the case was announced originally, the motion for rehearing is overruled.

## BOLANDER v. STATE.

No. 20293.

Court of Criminal Appeals of Texas.

March 22, 1939.

A. L. Lowery, of Nacogdoches, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for driving an automobile upon a public highway while intoxicated. Punishment is assessed at confinement in the county jail for a term of five days and a fine of $50.

The record is before us without a statement of facts or bills of exceptions. The indictment is sufficient to charge the of-

fense, and all procedural matters appear to be in due order.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.